UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

HOLDING COMPANY OF THE
VILLAGES, INC.,

    Plaintiff,

v.                                                            Case No: 5:22-cv-269-GAP-PRL

WORTHMANN LLC and TRIPLE
DDD LLC,

    Defendants.
_____

REPORT AND RECOMMENDATION[1]

Before the Court in this trademark infringement case is Plaintiff's motion for entry of default judgment against Defendant Triple DDD LLC ("Triple"). (Doc. 30). To date, Triple has not made an appearance in this action. For the reasons explained below, I recommend that Plaintiff's motion for default judgment be denied without prejudice, pending resolution of this case as a whole.

I.    BACKGROUND

As alleged in the amended complaint, Plaintiff, Holding Company of The Villages, Inc., a Florida corporation, is the developer of The Villages community in central Florida, advertising and selling construction services under two of its trademark names and logos. (Doc. 19 at ¶¶ 10-12 & 29-37). Plaintiff owns the following valid and subsisting federal trademark registrations:

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

A. THE VILLAGES trademark No. 2,614,700; and

B. *The Villages* trademark No. 4,468,815. (Doc. 19 at ¶¶ 44-47).

Plaintiff also promotes itself through a website with the domain name "thevillages.com[.]" (Doc. 19 at ¶ 37).

Triple is a Florida limited liability company engaged in online marketing and consulting, providing services to roofing and construction businesses. (Doc. 19 at ¶¶ 26-27). Plaintiff claims that Triple, at the direction of Defendant Worthmann LLC ("Worthmann"), was using marks identical and confusingly similar to Plaintiff's first and second marks in advertising construction services to residents of The Villages. (Doc. 19 at ¶¶ 78-96, 116). Specifically, Worthmann had Triple create a website, "thevillagesroofing.com[,]" advertising roofing services for a non-existent company called "The Villages Roofing," using a false address in, and a sign from, The Villages community. (Doc. 19 at ¶¶56-66, 84-95, 99-100). Leads the website was generating for "The Villages Roofing" were sent to Worthmann who would then pay Triple commissions. (Doc. 19 at ¶61).

On April 18, 2022, Worthmann sent Triple the plaintiff's cease-and-desist letter, and Triple told Worthmann to ignore it.[2] (Doc. 19 at ¶124-26 & Doc. 22 at ¶126-28). To date, Plaintiff has not heard back from Triple. (Doc. 30 at 3). On July 12, 2022, the website at the domain "thevillagesroofing.com[,]" was taken down. (Doc. 19 at ¶129).

On June 9, 2022, Plaintiff initiated this suit against Worthmann. (Doc. 1). On July 21, 2022, Plaintiff filed its first amended complaint, adding Triple as a party, and asserting claims

---

[2] Specifically, when Worthmann sent Triple the plaintiff's demand letter, Triple's response was: "[t]hat website is so old [laughing out loud] [sic] I think there was a roofing company named The Villages Roofing. I'll just redirect that domain to the villages roofing page on worthmannroofing.com[.] Still going to rank #1 for The Villages Roofing[.]"

pursuant to the Lanham Act, 15 U.S.C. § 1114(1); the Anti-cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d); and Florida state law. (Doc. 19). On July 28th, the plaintiff served the complaint and summons on Triple. (Doc. 21). Triple failed to file a responsive pleading, and the Clerk entered default on September 6, 2022. (Doc. 28). To date, Triple has not sought to vacate the default or otherwise appeared or defended this action. On October 11, 2022, Plaintiff filed the instant motion for default judgment against Triple, seeking a permanent injunction, statutory damages, and attorney's fees. (Doc. 30).

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* Additionally, before entering a default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

Under Federal Rule of Civil Procedure 54(b), "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id.*; *Owners*

*Ins. Co. v. Shamblin & Shamblin Builders, Inc.,* No. 8:13–cv–1929–T–30MAP, 2013 WL 6170597, at *1 (M.D. Fla. Nov. 21, 2013); *N. Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.,* No. 6:12–CV–476–ORL–31, 2012 WL 5378826 (M.D. Fla. Sept. 4, 2012), *report and recommendation adopted,* No. 6:12–CV–476–ORL–31, 2012 WL 5378740 (M.D. Fla. Oct. 31, 2012) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants" (citing *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D. Mich. 2000))).

To determine whether there is just reason for delay, the Court "balance[s] the judiciary's administrative interests with the relevant equitable concerns." *Cardinale v. Wang*, No. 6:21-CV-379-ACC-GJK, 2021 WL 7543624, at *2 (M.D. Fla. Sept. 13, 2021) (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997)).[3] Just reason to delay includes avoiding the risk of inconsistent judgments, where the defaulting and non-defaulting defendants are jointly liable or are "similarly situated[.]" *See Cardinale*, 2021 WL 7543624, at *2 (explaining similarly situated defendants "have closely related defenses which could, as a matter of logic, exonerate the defendant who defaulted."); *see also Wilcox v. Raintree Inns of Am., Inc.*, 76 F.3d 394 at *3 (10th Cir. 1996).

**III. DISCUSSION**

Here, applying the balancing test, it appears that there is just reason to delay granting default judgment against Triple. Although Triple is in default, Worthmann has appeared in

---

[3] *Ebrahimi* explains the first factor as ensuring the "application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Ebrahimi*, 114 F.3d at 166. The second factor "serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.* (citations omitted).

this case and timely filed an answer to the amended complaint. (Docs. 19 & 22). Count III alleges a theory of joint liability for common law trademark infringement and unfair competition (Doc. 19 at 26), and the defendants are similarly situated because defenses Worthmann raises—like the plaintiff lacking standing—"could, as a matter of logic, exonerate" Triple. *Cardinale*, 2021 WL 7543624, at *2. Comparatively, the relevant equitable concerns seem less weighty here, where it seems that neither hardship nor injustice will be associated with delay, since the allegedly infringing website has been taken down. (Doc. 19 at ¶129). Finally, because Worthmann challenges the use and validity of Plaintiff's trademarks, granting default judgment against Triple raises the risk of inconsistent judgments.

## IV.   CONCLUSION

Accordingly, I respectfully recommend that Plaintiff's motion (Doc. 30), should be **DENIED without prejudice,** to be reasserted, to the appropriate extent, when the case becomes ripe for final resolution.

Recommended in Ocala, Florida on November 9, 2022.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy